United States District Court
Southern District of Texas
**ENTERED**
July 16, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARIELLE Y. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1539 |
| | § | |
| TARGET STORES[1] AND | § | |
| CASEY BLYTHE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[2] is Plaintiff's Motion to Remand (Doc. 10). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **DENIED**.

### I. Case Background

Plaintiff brings this action against Defendants Target Corporation ("Target") and Casey Blythe ("Blythe"), seeking remedy for damages and injuries sustained as a result of Defendants' negligent actions and/or omissions. Plaintiff, a citizen of Texas, filed this action in the 189th Judicial District Court of Harris County, Texas, on January 11, 2019, claiming "wrongful prosecution,

---

[1] Defendant represents that it was incorrectly identified as "Target Stores" in Plaintiff's Original Complaint and that Target Corporation is the correct name. See Doc. 1, Not. of Removal.

[2] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 8, Ord. Dated May 16, 2019.

negligent supervision, negligent training, negligent supervision and retention, defamation per se, libel per se."[3] Plaintiff is seeking "monetary relief under $1,000,000 or less, including damages of any kind, exemplary, penalties, court costs, expenses, prejudgment interest, and attorney fees."[4]

Defendant Target was served with process on April 1, 2019,[5] and there is no record of Defendant Blythe having been served with process. On April 26, 2019, Defendant Target removed this action based on diversity jurisdiction.[6] According to the notice of removal, the parties do not disagree about the amount in controversy.[7] On removal, Defendant Target represented that it is a citizen of Minnesota and that Defendant Blythe is a citizen of Missouri.[8]

On May 28, 2019, Plaintiff filed this motion to remand.[9] Plaintiff argues for remand by claiming Defendant Blythe is a citizen of Texas, which if proven, would destroy diversity of citizenship between parties and render state court the proper venue

---

[3] Doc. 1-2, Attach. 2 to Not. of Removal, Pl.'s Orig. Pet. p. 1.

[4] Id. p. 2.

[5] Although the parties differ on the date of service, there seems to be no issue as it relates to Plaintiff's Motion to Remand.

[6] See Doc. 1, Not. of Removal.

[7] See id.

[8] Id. p. 1.

[9] See Doc. 10, Pl.'s Mot. to Remand.

for this action.[10] Furthermore, Plaintiff argues that even if diversity jurisdiction existed at the time of removal, Defendant Target should be barred from removing the case because of its failure to prove it gained Defendant Blythe's consent for removal within the first thirty days after it was served.[11] Lastly, Plaintiff claims that Defendant Target failed to comply with the Local Rules on removal procedure.[12] On June 17, 2019, Defendants responded in opposition to Plaintiff's motion to remand.[13]

## II. Legal Standard

The jurisdictional statutes allow removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant may remove a case in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. See 28 U.S.C. §§ 1332, 1441. Complete diversity exists when no plaintiff holds citizenship in the same state as any defendant. Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). Upon the filing of a motion to remand, the removing party bears the burden of establishing that the district court has jurisdiction. Mumfrey v. CVS Pharm, Inc.,

---

[10] See id.

[11] See id. pp. 4-5.

[12] See id.

[13] See Doc. 13, Def.'s Resp. to Pl.'s Mot. to Remand.

719 F.3d 392, 397 (5th Cir. 2013).

### III. Analysis

Defendant Target removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues that diversity of citizenship between herself and Defendant Blythe does not exist and that Defendant Target failed to comply with the procedural requirements necessary for removal. Plaintiff's arguments are baseless.

With the amount in controversy uncontested, this removal hinges on diversity of citizenship. The removing party meets the burden of establishing diversity jurisdiction by "distinctly and affirmatively alleg[ing]" the citizenship of the parties involved. Mullins v. Testamerica, Inc., 300 F. App'x 259, 260 (5th Cir. 2008)(unpublished).  Here, Defendant Target has affirmatively alleged "Defendant, Casey Blythe, at the time this action was commenced, was, and still is, a resident and citizen of Missouri."[14] Defendant Target has clearly alleged citizenship, meeting its burden of establishing diversity jurisdiction.

Plaintiff's argument that Defendant Target should have to provide further evidence of Defendant Blythe's citizenship in order to establish diversity is unfounded. The basis for this argument originates from Plaintiff's incorrect statement in her motion to remand that her original petition stated that Defendant Blythe is

---

[14] Doc. 1, Not. of Removal p. 1.

a citizen of Texas.[15]  No such assertion was made.  Instead, Plaintiff asserted "Defendant Casey Blythe may be served with process wherever he may be found."[16]  Defendant Target, on the other hand, maintained from the first notice of removal that Defendant Blythe is a citizen of Missouri, and Defendant Target later confirmed in a filing with the court that Defendant Blythe is a citizen of Missouri.[17]  These representations are sufficient to establish diversity jurisdiction, and the court finds Plaintiff's argument that Defendant Target must provide further evidence to be groundless.

With the amount-in-controversy and diversity-of-citizenship requirements both having been met, the court must determine if there were any procedural defects in Defendant Target's notice of removal.  28 U.S.C. § 1446(b)(2)(A) requires consent to removal of the action from all defendants who have been properly joined and served.  Plaintiff contends that a remand to state court is necessary because the thirty-day removal period passed without Defendant Blythe consenting to Defendant Target's notice of removal.[18]  However, as previously noted, there is no record of service of process on Defendant Blythe.  Regardless, it is

---

[15]  See Doc. 10, Pl.'s Mot. to Remand p. 3.

[16]  Doc. 1-2, Attach. 2 to Not. of Removal, Pl.'s Orig. Pet. p. 3.

[17]  Doc. 3, Def.'s Statement Concerning Order in Removed Cases p. 2.

[18]  See id. p. 5.

undisputed that Defendant Blythe had not been served by the date of Defendant Target's removal.[19]  "If a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand [pursuant to 28 U.S.C. § 1448]." Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1263 (5th Cir. 1988). Defendant Blythe consented to removal on June 17, 2019,[20] but, without record of Defendant Blythe's ever being served with process, when he consented is irrelevant.

Plaintiff is correct that Defendant Target failed to adhere to the Local Rules by not attaching a copy of the state court docket sheet to its notice of removal.  The court assumes that Defendant Target can easily remedy this defect.  Defendant Target has fourteen days to supplement its notice of removal with a copy of the state court docket sheet.  Pending that submission, Plaintiff's motion to remand should be denied.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

---

[19]   Doc. 10, Pl.'s Mot. to Remand p. 5.

[20]   See Doc. 12, Def.'s Consent to Not. of Removal.

from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 16th day of July, 2019.

_____
Nancy K. Johnson
United States Magistrate Judge