United States District Court
Southern District of Texas
**ENTERED**
July 29, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARIELLE Y. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1539 |
| | § | |
| TARGET STORES[1] AND | § | |
| CASEY BLYTHE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[2] are Defendants' Motion for Partial Dismissal or, in the Alternative, Motion for a More Definite Statement (Doc. 4).  The court has considered the motion, the response, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion for partial dismissal be **GRANTED** and Defendants' motion for a more definite statement be **DENIED AS MOOT.**

**I.  Case Background**

Plaintiff filed this action against Defendants Target Corporation ("Target") and Casey Blythe ("Blythe") seeking remedy for damages and injuries sustained as a result of Defendants' alleged negligent actions and/or omissions.  An amended complaint

---

[1]    Defendant represents that it was incorrectly identified as "Target Stores" in Plaintiff's Original Complaint and that Target Corporation is the correct name.  See Doc. 1, Def.'s Not. of Removal, p. 1.

[2]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 8, Ord. Dated May 16, 2019.

was filed on June 3, 2019.[3]

## A. **Factual Background**

On October 20, 2017, Plaintiff was arrested for a theft that took place at a Target store on July 25, 2017.[4]  According to Plaintiff, on the day of her arrest, "Harris County Police Officers walked into [Plaintiff]'s home just as she stepped out of the shower and was getting ready for work."[5]  After being processed and placed in jail, Plaintiff was interviewed by a deputy within the police department.[6]  Plaintiff was told during this interview that "Target Store employee, [Defendant] Blythe, identified her in a written statement to [p]olice as being a suspect involved in one of multiple Target Store robberies [sic] that occurred in Harris County."[7]

Plaintiff alleges that on August 9, 2017, Defendant Blythe received a phone call from Natasha Barber ("Barber").[8]  Barber told Defendant Blythe that she had information about those involved in the Target store theft on July 25, 2017.[9]  Throughout this conversation, Defendant Blythe "later acquired the names of Brian

---

[3]   See Doc. 11, Pl.'s 1st Am. Compl.

[4]   See id.

[5]   Id. p. 2.

[6]   See id. p. 3.

[7]   Id.

[8]   Id.

[9]   Id.

Anderson and Nathan Howard."[10]  From there, Defendant Blythe allegedly searched Barber's Facebook page to find pictures of Anderson and Howard and then proceeded to match the photos to surveillance photos taken from the security cameras at the Target store.[11]  During this search of Barber's Facebook page, Defendant Blythe claimed to see a photo of Plaintiff that looked similar to one of the female suspects.[12]

With this information, Plaintiff claims that Defendant Blythe "conducted his own rogue investigation and assisted [Houston Police Department ("HPD")] in wrongfully pointing out [Plaintiff] as the female suspect in the video."[13]  Furthermore, Plaintiff alleges "Target and [HPD] depended solely on the words of [Defendant] Blythe's identification of [Plaintiff] as one of the suspects and failed to make a proper investigation to baseless allegations causing [Plaintiff] to remain in jail without probable cause."[14]

## B.  **Procedural Background**

Plaintiff, a citizen of Texas, filed this action in the 189th Judicial District Court of Harris County, Texas, on January 11, 2019, claiming "wrongful prosecution, negligent supervision,

---

[10]     Id.

[11]     See id.

[12]     See id.

[13]     Id. p. 4.

[14]     Id.

negligent training, negligent supervision and retention, defamation per se, libel per se."[15]   Plaintiff is seeking "monetary relief under $1,000,000 or less, including damages of any kind, exemplary, penalties, court costs, expenses, prejudgment interest, and attorney['s] fees."[16]

Defendant Target was served with process, but there is no record of Defendant Blythe having been served with process.   On April 26, 2019, Defendant Target removed this action based on diversity jurisdiction.[17]  On May 28, 2019, Plaintiff filed a motion to remand.[18]   The court found diversity jurisdiction to be proper and denied Plaintiff's motion to remand.[19]

On May 13, 2019, Defendants filed this motion for partial dismissal or, in the alternative, motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(b)(6).[20]

## II.  Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.   When considering a motion to dismiss, the court

---

[15]   Doc. 1-2, Attach. 2 to Not. of Removal, Pl.'s Orig. Pet. p. 1.

[16]   Id. p. 2.

[17]   See Doc. 1, Not. of Removal.

[18]   See Doc. 10, Pl.'s Mot. to Remand.

[19]   See Doc. 16, Mem. & Recom. Dated July 16, 2019.

[20]   See Doc. 4, Mot. for Partial Dismissal.

should construe the allegations in the complaint favorably to the pleader and accept as true all well-pled facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  It need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.

### III. Analysis

Defendants move to dismiss Plaintiff's defamation and malicious prosecution claims.  Defendants argue the defamation claims are barred by the statute of limitations and the malicious prosecution claim does not allege a viable cause of action.

5

A.  **Defamation Claim**

Defamation can be broken down into the categories of libel (written) or slander (verbal).  Neely v. Wilson, 418 S.W.3d 52, 60 (Tex. 2013).  Both libel and slander claims have a one-year statute of limitations.[21]  Tex. Civ. Prac. & Rem. Code § 16.002(a).  When the cause of action is not a matter of public knowledge, the statute of limitations will begin to accrue "when the plaintiff knew or should have known of the wrongfully caused injury."  KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp., 988 S.W.2d 747, 749 (Tex. 1999).

A defamation claim can accrue when one is made aware of a complaint.  For example, the plaintiff in Newsom v. Brod, 89 S.W.3d 732 (Tex. App-Houston [1st Dist.] 2002, no pet.), filed suit against the defendant on May 24, 2001, for defamatory statements the defendant made about the plaintiff that contributed to the plaintiff's termination of employment on May 25, 1999.  The plaintiff contended that his defamation claim should have accrued on November 3, 2000, when he first learned the specifics of the defamatory statements made by the defendant.  Id. at 736.  However, because the plaintiff knew at the time he was fired that the defendant had made complaints against him and "also knew that the general investigation of those complaints resulted in his

---

[21]    Malicious prosecution also has a one-year statute of limitations in Tex. Civ. Prac. & Rem. Code § 16.002(a), but this will not be addressed as this defense is not raised in Defendants' Motion for Partial Dismissal.

termination," the cause of action accrued well before the plaintiff discovered the specifics of the defendant's statements.  Id.

Here, Plaintiff was made aware of the allegedly false statements on the day of her arrest, not in July 2018 when Plaintiff received discovery.  Per Plaintiff's amended complaint, on the day she was arrested (October 20, 2017), "[Plaintiff] was told by Deputy Urena that Target Store employee, [Defendant] Blythe, identified her in a written statement to [p]olice as being a suspect involved in one of multiple Target Store robberies that occurred in Harris County."[22]  Just as the plaintiff in Newsom had his cause of action accrue when he learned that the defendant's statements played a role in his termination, Plaintiff's cause of action accrued when she was told that Defendant Blythe's written statement to police identified her as a participant in the theft.  Plaintiff waited roughly fifteen months after the day she was arrested to file her original complaint, thus the defamation claims are barred by the statute of limitations.

**B.  Malicious Prosecution Claim**

Plaintiff argues that the probable cause of the criminal charges made against her "was solely established by the false statement made by Target's agent [Defendant] Blythe."[23]  There are seven elements Plaintiff must prove for this claim:

---

[22]    Doc. 11, Pl.'s 1st Am. Compl. p. 3.

[23]    Id. p. 9.

> (1) the commencement of a criminal prosecution
> against the plaintiff;
> (2) causation (initiation or procurement) of the
> action by the defendant;
> (3) termination of the prosecution in the
> plaintiff's favor;
> (4) the plaintiff's innocence;
> (5) the absence of probable cause for the proceedings;
> (6) malice in filing the charge; and
> (7) damage to the plaintiff.

Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997).
The first element was clearly met when Plaintiff was arrested, but
Plaintiff fails to sufficiently plead facts in support of the
second element of the claim, causation of the action.

In establishing causation of the action, initiation refers to
when the defendant is the one that actually files the charge(s).
Alvarez v. Anesthesiology Assocs., 967 S.W.2d 871, 875
(Tex.App.–Corpus Christi 1998, no pet.).   Conversely,

> A person procures a criminal prosecution if his actions were
> enough to cause the prosecution, and but for his actions the
> prosecution would not have occurred. A person does not procure
> a criminal prosecution when the decision whether to prosecute
> is left to the discretion of another, including a law
> enforcement official or the grand jury, unless the person
> provides information which he knows is false.

Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 293 (Tex.
1994).   The Assistant District Attorney's report details the steps
taken by the peace officer in his investigation that reached the
conclusion that there was probable cause that Plaintiff was
involved in the theft, and directly contradicts Plaintiff's
assertion that Defendant Blythe initiated or procured the

prosecution.[24]  Furthermore, Plaintiff does not plead that Defendant Blythe provided knowingly false information during the investigation.  Accordingly, the malicious prosecution claim should also be dismissed.

### IV.   Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion for Partial Dismissal be **GRANTED** and Defendants' Motion for a More Definite Statement be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 29th day of July, 2019.

Nancy K. Johnson
United States Magistrate Judge

---

[24]    See id. p. 7. The report states, "J. Urena, a credible and reliable person and a certified peace officer who is employed with the Harris County Sheriff's Office" weighed the evidence and "has good reason to believe and does believe" that Plaintiff was involved in the theft at Target. Plaintiff attached this report to her amended complaint, and therefore the court may consider it in ruling on Defendants' motion for partial dismissal.