UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARIELLE Y. MILLER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-1539 |
| | § | |
| TARGET CORPORATION, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant Target Corporation's ("Target") motion for summary judgment. Dkt. 28. Plaintiff Arielle Y. Miller responded. Dkt. 30. Having considered the motion, response, pleadings, evidence, and relevant law, Target's motion for summary judgment is **GRANTED**.

**I. BACKGROUND**

This case involves Target's investigation of a theft at one of its stores that resulted in Harris County Sheriff's Office ("HSCO") arresting and charging Miller. On July 25, 2017, several cell phones were stolen from a Target store in Katy, Texas (the "Theft"). Dkt. 31-3 at 17-18. Defendant Casey Blythe (collectively with Target, "Defendants") investigated the incident on behalf of Target and contacted HSCO when he identified several individuals who he believed perpetuated the Theft. *Id.* at 8-11. Blythe identified Miller as one of those individuals. *Id.*

HSCO arrested Miller on October 20, 2017 for the Theft. Dkt. 11 at 2. Miller was charged with third degree felony theft. Dkt 31-3 at 5. The charges against Miller were dismissed on January 11, 2018. *Id.* at 15.

Miller subsequently initiated this action on January 11, 2019 in the 189th Judicial District Court in Harris County, Texas. Dkt. 1-2. Her petition sought relief for three causes of action:

(i) Bythe's alleged defamation; (ii) Blythe's alleged malicious prosecution; and (iii) Target's negligence. *Id.* at 6-7.  Miller also alleged Target was vicariously liable for Blythe's conduct. *Id.*

Target removed to this court on April 26, 2019, and filed a motion to dismiss the defamation and malicious prosecution claims on May 13, 2019. Dkt. 1, 4. On June 3, 2019, Miller amended her complaint. Dkt. 11. The amended complaint retained the defamation and malicious prosecution claims against Blythe, dropped the negligence claim against Target and added a claim for intentional infliction of emotional distress against both Target and Blythe. *Id.* at 8-10. Miller also continued to allege Target was liable for Blythe's conduct under a *respondeat superior* theory. *Id.*

Magistrate Judge Nancy K. Johnson reviewed Target's motion for partial dismissal and recommended dismissal of Miller's defamation and malicious prosecution claims. Dkt. 18. The court adopted the recommendation in full on August 13, 2019. Dkt. 20. Target now moves for summary judgment on Miller's vicarious liability and intentional infliction of emotional distress claims. Dkt. 28.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 436 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2540 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

**III. ANALYSIS**

A. Intentional Infliction of Emotional Distress

To recover damages for intentional infliction of emotional distress, a plaintiff must establish that:

> (1) the defendant acted intentionally or recklessly;
> (2) the defendant's conduct was extreme and outrageous;
> (3) the defendant's actions caused the plaintiff emotional distress; and
> (4) the resulting emotional distress was severe.

*Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). However, "a claim for intentional infliction of emotional distress cannot be maintained when the risk that emotional distress will result is merely incidental to the commission of some other tort." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998). "Properly cabined, the tort simply has no application when the 'actor intends to invade some other legally protected interest,' even if emotional distress results." *Hoffman-La Roche*, 144 S.W.3d at 445 (citing *Standard Fruit*, 985 S.W.2d at 67). "Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* (collecting cases excluding recovery for intentional infliction of emotional distress because complaint centered on separate torts, including defamation and malicious prosecution).

The court need not decide whether the evidence presented creates a genuine issue of material fact, because other torts form the core of Miller's complaint—defamation and malicious prosecution. Dkt. 11. Therefore, recovery for intentional infliction of emotional distress is unavailable to her as a matter of law. *See Hoffman-La Roche*, 144 S.W.3d at 445; *Standard Fruit*, 985 S.W.2d at 67-68.

B. Vicarious Liability

"Vicarious liability is liability placed upon one party for the conduct of another, based solely upon the relationship between the two." *Vecellio Ins. Agency, Inc. v. Vanguard Underwriters Ins. Co.*, 127 S.W.3d 134, 138 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Target correctly notes

that vicarious liability is not an independent cause of action. *See Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App.—Dallas 2004, no pet.). Miller alleges Target is vicariously liable for Blythe's conduct. Dkt. 11. But no claims against Blythe survive today's opinion, therefore no vicarious liability can be placed on Target. Summary judgment must be rendered in Target's favor.

### IV. CONCLUSION

For the reasons stated above, Target's motion for summary judgment (Dkt. 28) is **GRANTED**.

Signed at Houston, Texas on May 11, 2020.

_____
Gray H. Miller
Senior United States District Judge