# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
April 29, 2021
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
April 7, 2021
Lyle W. Cayce
Clerk

No. 20-20415

ARIELLE Y. MILLER,

*Plaintiff—Appellant,*

versus

TARGET CORPORATION; CASEY BLYTHE,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1539

Before DAVIS, STEWART, and DENNIS, *Circuit Judges.*

PER CURIAM:*

Plaintiff, Arielle Miller, appeals the district court's grant of Target Corporation's ("Target") motion for summary judgment. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20415

## I. Background

On July 25, 2017, several cell phones were stolen from one of Target's stores in Katy, Texas. Target's loss prevention manager, Casey Blythe, investigated the incident and identified several individuals, including Miller, who he believed stole the cell phones. Blythe contacted Harris County Sheriff's Office with the information he had gathered. Miller was arrested on October 20, 2017 and charged with third degree felony theft for stealing the cell phones. On January 11, 2018, the charges against Miller were dismissed.

Miller filed suit against Blythe and Target on January 11, 2019 in state court, alleging defamation and malicious prosecution against Blythe and negligence and vicarious liability against Target. Target removed the suit to federal court on April 26, 2019. Target moved to dismiss the defamation and malicious prosecution claims on May 13, 2019. Before the district court ruled on the motion to dismiss, Miller amended her complaint on June 3, 2019 to include a claim of intentional infliction of emotional distress against Blythe and Target. On August 13, 2019, the district court dismissed the defamation and malicious prosecution claims under Federal Rule of Civil Procedure 12(b)(6). Defendants subsequently filed a motion for summary judgment on the intentional infliction of emotional distress and vicarious liability claims on March 11, 2020. On May 11, 2020, the district court granted summary judgment in favor of Defendants on Miller's claims of intentional infliction of emotional distress and Target's vicarious liability. Miller appeals only the dismissal of her intentional infliction of emotional distress and vicarious liability claims.

No. 20-20415

## II. Discussion

This Court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court.[1] Under Federal Rule of Civil Procedure Rule 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[2] The district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[3]

### A. Intentional Infliction of Emotional Distress

Under Texas law, a plaintiff must establish the following for an intentional infliction of emotional distress ("IIED") claim: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.[4] In addition to the elements of the prima facie case, the Texas Supreme Court elaborated on when recovery for IIED is available in *Hoffman-La Roche Inc. v. Zeltwanger*. First, IIED is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has

---

[1] *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 382 (5th Cir. 2019); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[2] FED. R. CIV. P. 56(a).

[3] *Id.*

[4] *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004).

3

no other recognized theory of redress."[5] "Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available."[6] Second, when the substance of the complaint is covered by another tort, "a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, [an alternate] claim."[7]

Relying on *Zeltwanger*, the district court granted Target's motion for summary judgment finding as a matter of law that defamation and malicious prosecution formed the core of Miller's complaint. On appeal, Miller essentially argues that *Zeltwanger* is distinguishable and that her IIED claim stands alone because her other claims have been previously dismissed.

In *Zeltwanger*, the plaintiff sued her employer for sexual harassment under the Texas Labor Code and common-law IIED.[8] The statutory sexual harassment claim was subject to a $300,000 damages cap.[9] The trial court allowed the plaintiff's statutory sexual harassment claim and IIED claim to proceed in tandem, and the jury awarded the plaintiff $8.5 million under the sexual harassment statute, capped at $300,000, and $9 million for IIED—effectively undermining the cap.[10] The Texas Supreme Court vacated the jury's award on the IIED claim.[11] Thus, the Texas Supreme Court made it

---

[5] *Id.* at 447.

[6] *Id.*

[7] *Id.* at 448; *see also Draker v. Schreiber*, 271 S.W.3d 318, 322 (Tex. App. 2008).

[8] *Zeltwanger*, 144 S.W.3d at 441–42.

[9] *Id.* at 446.

[10] *Id.* at 446.

[11] *Id.* at 450.

No. 20-20415

clear that recovery under an IIED theory is unavailable when the total recovery may be limited under the available alternate theory.[12]

Texas appellate courts have applied *Zeltwanger* broadly holding that IIED is unavailable when plaintiffs do not succeed on claims like the ones in Miller's case. In *Draker v. Schreiber*, a Texas appellate court held that an IIED claim was unavailable when the complaint primarily alleged facts regarding defamation and libel per se, and the defamation and libel claims were previously dismissed on summary judgment leaving only an IIED claim.[13] Similarly, in *Oliva v. Davila*, the court held that IIED was not recoverable in the alternative to defamation claim.[14]

The gravamen of Miller's complaint concerns defamation and malicious prosecution. The facts alleged in the complaint concern Blythe's investigation of the cell phone theft and his assistance with the Sheriff's Office in accusing Miller of the theft, which all form the basis of Miller's defamation and malicious prosecution claims. She has not alleged independent facts to support a standalone IIED claim.[15]

### B. Vicarious Liability of Target

In addition to dismissing Miller's IIED claim, the district court dismissed all claims of Target's alleged vicarious liability because all underlying tort claims against Target's agent, Blythe, were dismissed. Miller argues that Target is liable for Blythe's conduct that forms the basis of her

---

[12] *Id.* at 446–47.

[13] 271 S.W.3d 318, 323 (Tex. App. 2008).

[14] 373 S.W.3d 94, 107 (Tex. App. 2011).

[15] *See Draker*, 271 S.W.3d at 323 ("[T]o maintain a claim for intentional infliction of emotional distress, [plaintiff] was required to allege facts independent of her defamation claim.").

No. 20-20415

IIED claim because Blythe was in the course and scope of his employment with Target. Though Blythe may have been in the course and scope of employment, all underlying tort claims in this case have been dismissed. Without some underlying liability of Target's employee, Target cannot be vicariously liable.[16]

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[16] *See Crooks v. Moses*, 138 S.W.3d 629, 638 (Tex. App. 2004) ([I]f the alleged tortfeasor is not liable as a matter of law, then determination of agency and vicarious liability issues are never reached.").